March 2, 1937.

OPINION OF THE JUSTICES.

496

*To the Honorable Senate:*

In response to your resolution of inquiry whether House Joint Resolution No. 115 conforms with the requirements of Articles 99 and 100 of the state constitution, the undersigned, the Justices of the Supreme Court, are of the opinion that it does.

By Article 100 "the sense of the people, as to a revision of the constitution, and calling a convention for that purpose," shall be taken at the end of every seven year period, by the same method which Article 99 provides for the first convention after the adoption of the constitution of 1792.

Article 99 provides that "the selectmen, and assessors, of the several towns and places . . . in warning the first annual meetings for the choice of senators" shall insert an article in the warrant for taking a vote for a revision of the constitution. If the duty is not performed, "the general court shall direct the sense of the people to be taken, and then proceed in the manner before mentioned." In our opinion, whatever the duty of local officials to have the vote taken at a senatorial election, the legislature is not thus restricted when it directs the taking of the vote. The reference to the proceeding in the manner before mentioned is considered to relate to legislative action to carry out a vote in favor of a convention. This view serves to effect a purpose of due diligence implicit in the article.

The joint resolution requires that return of the votes be made to the present session of the legislature. By Article 99 the returns are to be made "to the general court at their then next session." If this wording is to be applied literally, the plan for due diligence which the article arranges will again be defeated. When Article 99 was adopted, its framers had in mind a legislative session in June ensuing the March meetings. The amendment of 1877 provides that the legislature convene biennially and an amendment of 1889 changed its month of convening from June to January. The plan of Article 99 was thus made impossible to execute in this detail since a return to a legislature to convene in June could not be made unless to a special session thereof. In our opinion the effect of the 1877 and 1889 amendments was to permit a return to the nearest legislative session after the vote, in order to accomplish the purpose of reasonable diligence which Article 99 implicitly demands. The direction that return be made to the present legislature which will be in session after the March meetings is therefore proper.

JOHN E. ALLEN.
THOMAS L. MARBLE.
OLIVER W. BRANCH.
PETER WOODBURY.
ELWIN L. PAGE.

February 15, 1937.